IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

AUTO OWNERS
INSURANCE COMPANY,

    Plaintiff,

V.                                                             CIVIL ACTION NO. CV-

VALLIA & WARREN CONSTRUCTION
SYSTEMS INC. d/b/a VALLIA &
WARREN CONSTRUCTION SYSTEMS
OF ALABAMA INC., MOBILE PRESS
REGISTER, INC., THE AUSTIN
COMPANY;

    **Defendants.**

---

## COMPLAINT FOR DECLARATORY JUDGMENT

---

COMES NOW, Auto Owners Insurance Company, (hereinafter referred to as "Auto Owners"), and files this Complaint for Declaratory Judgment and states as follows:

### I. PARTIES AND JURISDICTION

1.    Auto Owners Insurance Company is incorporated in the state of Delaware and has its principal place of business in Florida.

2.    According to the Third-Party Complaint filed by the Mobile Press Register in the Circuit Court for Mobile County, Alabama, CV-2006-2663, and the Cross-Claim filed by The Austin Company, Inc in the same styled action, the Defendant, Vallia-Warren Construction Systems of Alabama, Inc. is an Alabama Corporation with its principal place of business located in Alabama. (A copy of the Amended Complaint attached as Exhibit "1" and A copy of the Cross Complaint is marked exhibit "2").

3.    According to the Amended Complaint, Defendant, Mobile Press Register, Inc.

("MPR") is a Corporation organized and existing under the laws of Alabama, with its principal Place of Business located in Alabama.

4. According to the Amended Complaint, Defendant, The Austin Company, ("Austin") is a Corporation organized and existing under the laws of Alabama, with its principal place of business located in Alabama.

5. This action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* Jurisdiction is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391.

6. The amount in controversy is in excess of the minimum jurisdictional amount exclusive of costs.

## II. FACTS

7. Auto Owners provided a commercial general liability policy #942322-78203916-06 to Vallia &Warren Construction Systems Inc. and Vallia & Warren Construction Systems of Alabama Inc. (Collectively "Vallia-Warren") with effective dates of January 1, 1999 until January 1, 2007. For purposes of this Complaint, the 1999 through 2002 policies are relevant and attached hereto as Exhibits 3 - 6).

8. On information and belief, Mobile Press Register Inc. ("MPR") entered into a contract with The Austin Company on our about December 1999 under which Austin was to design and build a new office and production facility for the MPR in Mobile, Alabama (hereinafter "Project").

9. Vallia Warren entered into contract with The Austin Company on October 5, 2001. The agreement required Vallia-Warren furnish and install the Exterior Insulation Finishing System (EIFS) and Direct-Applied Exterior Finish System (DEFS) in connection

with the Construction of the Mobile Press Register in Mobile, Alabama in exchange for payment of a certain sum. The Project was completed and a Certificate of Occupancy was issued on November 19, 2002. (See attached Certificate marked exhibit "7").

10. On July 28, 2006, MPR filed a Complaint in Mobile County, Alabama and later several Amended complaints which alleged that The Austin Company and other defendants breached or failed to exercise reasonable care in fulfilling their duties and obligations to MPR, both in contract and tort, with respect to the design, manufacture, construction and warranty repair of the Facility and its material and component systems. (See attached Complaint marked exhibit "8"). MPR's Third Amended Complaint filed on September 24, 2007 adds Valia-Warren as a defendant and asserts Allegations of five Counts (1) Negligence,(2)Wantonness, (3) Breach of Warranty, (4) Misrepresentation and (5) Suppression.

11. The MPR Third-Amended Complaint alleges the following in five counts:

Count One of the complaint alleges in pertinent part the defendants were negligent in their failure to

(a) properly design, supply, install, and/or specify components of structure, to include, but not limited to,.... exterior wall systems..., and/or sealants in accordance with the applicable specifications, building codes, and/or architectural engineering and/or industry specifications;

(b) failure to supervise and/or inspect the construction of the project to insure the appropriate selection and/or use of materials and/or appropriate construction and/or installation;

(c) improper installation and/or application of materials utilized in the construction of the project to include, but not limited to the ... exterior wall systems... in accordance with the applicable building codes and/or architectural engineering and/or industry standards;

(d) improper manufacture, supply, inspection and/or installation of building components;

-3-

(e) failure to determine whether materials and systems employed in the construction complied with the applicable codes, specifications, and/or standards, suitability for this costal application;

(f) negligent and/or reckless misrepresentation, through course of conduct, as to code compliance and/or as to specification compliance of the building and/or its components;

(g) negligent misrepresentation, and/or certification as to building components and/or the construction of the Project; and/or

(h) failure, after notice of deficiencies in ...exterior wall systems ... to repair and/or properly analyze remedies to the various defective building components;

Following each count of the plaintiffs' complaint, the plaintiffs demand compensatory damages, costs, interest and attorney fees in unspecified amounts. (See Third-Amended Complaint Marked exhibit "9").

12. On July 9, 2007, The Austin Company filed a Cross-Claim against Vallia-Warren and other defendants alleging claims against Vallia Warren for breach of Contract, breach of Warranty, Negligence, Contractual Indemnity, Common Law Indemnity, Wantonness. The Cross-Claim specifically states as follows:

> **Count LXXVII - Breach of Contract** - Vallia-Warren entered into a subcontract with Austin under which Vallia-Warren agreed to furnish and Install the EIFS and DEFS on the Mobile Register. If the Mobile Press Register is damaged as alleged by Mobile Press Register, then Vallia-Warren breached its contract with Austin by failing to furnish and install the EIFS and DEFS in a manner that was **free from defects** and by failing to furnish and install the EIFS and DEFS in a good and **workmanlike manner**.

> **Count LXXVIII - Breach of Warranty** - Vallia-Warren had reason to know the particular purpose for which the EEFS and DEFS were required and that Austin was relying on Vallia-Warren for its skill and Judgment in furnishing and installing EEFS and DEFS. In the event that Austin is liable to the Plaintiff, and Austin is entitled to be indemnified by Vallia-Warren.

> **Count LXXIX - Negligence** - If EIFs were defective, which is denied, then the Negligence of Vallia-Warren was a proximate Cause of those damages

in breach of its duty to Austin. Vallia-Warren **negligently furnished and installed the EIFS and DEFS** in the Mobile Press Register by failing to do said work in a **good and workmanlike manner** and by failing to furnish and install the EIFS and DEFS **free from Defects**.

**Count LXXX - Contractual Indemnity** - Plaintiff asserted claims against Austin stemming in whole or in part from the alleged, improper acts of Vallia Warren. Vallia-Warren is contractually obligated to defend and indemnify Austin for said claims.

**Count LXXXI** - If Austin is held liable for the negligence or other liability for the conduct of Vallia-Warren said negligence or other liability would merely be the result of Austin's position as general contractor, and not the result of any active or primary negligence on the part of Austin. Austin has been damaged by such breach of Vallia-Warren duty of care and/or expressed and implied warranties in that it has incurred legal fees in defending the Mobile Press Register claims.

**Count LXXXII - Wantonness** - Austin avers that Vallia-Warren wantonly, with conscious disregard, breached the standard of duty of care, skill and diligence commonly possessed and exercised by other similarly situated contractors when acting in the same or similar circumstances.

13. Vallia-Warren was served with the MPR Third-Amended Complaint on September 24, 2007 and the Cross-claim filed by Austin on July 9, 2007. Vallia-Warren filed Answers denying both the Amended Complaint and the cross-claim and asserting affirmative defenses denying allegations in Complaint.

14. Auto Owners is currently defending Vallia-Warren under a Reservation of Rights (See attached September 4, 2007 reservation of rights letters marked exhibit "10").

## III. THE POLICY LANGUAGE

15. The policies of insurance issued by Auto Owners with Vallia-Warren as named insured contain certain policy language. Auto Owners cites below various applicable policy provisions in this Declaratory Judgment Action, and Auto Owners specifically reserves the right to amend its pleadings to include any other provision

-5-

contained in the insurance policy or related documents whether or not such provisions could have been cited.

16. The declarations page lists the following forms as included in the policy: **55081 (08-88) 55029 (07-87) CG0001 (11-88) CG0220 (07-92) IL0017 (11-85) 55050 (07-87) 55064 (07-87) CL175 (02-86) 55069 (01-88) CG2147 (09-89) 55137 (06-92) 55146 (07-96) 55167 (11-95) 59246 (04-98)**. (See attached policies marked exhibit 3-6).

17. Section I of the Commercial General Liability Coverage Form contains an insuring agreement. The insuring agreement of the policy reads, in pertinent part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM {CG 00 01 10 01}**

**SECTION 1 - COVERAGES**
**COVERAGE A: BODILY INJURY AND**
**PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement:

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

   b. This insurance applies to "bodily injury" and "property Damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the coverage territory.

   The term "property damage" has specific definitions as set forth In the policy. Section V - Definitions paragraph 12 States "Property damage" means:

   a. Physical injury to tangible property, including all resulting

-6-

loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

The "property damage" must have been caused by an "occurrence". The term "occurrence" is also defined by the subject policy:

Paragraph 9 states "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

18. According to the Complaint filed against Valia-Warren by MPR, the Negligence and Wantonness claims allege damages due to moisture/water intrusion resulting in a loss of use. MPR alleges that these damages and loss of use were a result of the improper workmanship of Vallia-Warren. The plain language of the Auto Owners' policy does not provide coverage to repair or replace the work of Vallia Warren. For these same reasons, MPR's and Austin Company's claims for breach of warranty, breach of contract are not covered under the plain language of the Auto Owners' policy. More specifically, Paragraph J specifically states exclusions under the policy for "Property Damage" to:

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf or performing operations, if the property damage arises from those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

19. Paragraph I of the policies provide for specific exclusions once the project has been completed. More specifically, paragraph I states:

I. "Property Damage" to your work arising out of it or any part of it and including in the products-completed operations

-7-

hazard".

20. The coverage for any damage to MPR would be excluded under the products-

completed operations hazzard since the MPR building was completed in October 2002.

21. Paragraph 11 of the policy specifically defines "Products Completed operations hazards" to include

> (A) all "bodily injury" and "property damage" occurring away from the premises you own or rent and arising out of "your product" or "your work."
>
> (B) "Your work" will be deemed completed at the earliest of the Following times:
>
>> (1) When all of the work called for in your contract has been completed.
>>
>> (2) When all of the work done at the site has been completed if your contract calls for work at more than one site.
>>
>> (3) When the part of the work done at the job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may be need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

22. Paragraph 14 defines "Your Product" as:

> (a). Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
>
> (1) you
> (2) others trading under your name; or
> (3) a person or organization whose business or assets you have acquired and;
>
> (b). Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or

products.

"Your Product" includes:

> a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
>
> b. The providing of or failure to provide warnings or instructions.

23. Paragraph 15 of the policies define "Your work" to mean:

> a. Work or operations performed by you or on your behalf; and
>
> b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

> a. Warranties or representatives made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
>
> b. The providing of or failure to provide warnings or instructions.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## IV  LEGAL ISSUES PRESENTED FOR DETERMINATION

24. Auto Owners contends that it does not owe a duty to defend or indemnify Valia-Warren or The Austin Company regarding the Mobile County Complaint.

25. Auto Owners contends that, under the plain language of the policies, there are exclusions in the policy precluding both a duty to defend and a duty to indemnify Valia-Warren and/or The Austin Company regarding the Mobile County Complaint.

## V.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Auto Owners Insurance Company

a) Take jurisdiction of this cause;

b) Order, adjudge, and decree that this is a proper cause for a declaratory judgment, and that there is a bona fide controversy among the parties as to their legal rights, duties, status, and liabilities;

c) Issue process to each defendant as provided by law and the rules of this Court and require each defendant to respond or answer this complaint for declaratory judgment within the time permitted by law;

d) Declare the rights, duties, status, and legal relations of the parties under the policy of insurance at issue;

e) Issue an order declaring as a matter of law Plaintiff, Auto Owners Insurance Company owes no duty to defend or indemnify Valia-Warren and no duty to defend and/or indemnify The Austin Company.

f) Grant any further relief to which the plaintiff may be entitled.

Respectfully submitted,

_____
REGINA FORD CASH (828149)
Attorney for Auto Owners Insurance Company

**OF COUNSEL:**

CARR ALLISON
6251 Monroe Street
Daphne, Alabama 36526
(P) 1-251-626-9340
(F) 1-251-626-8928
E-mail: rcash@carrallison.com

**SERVICE BY CERTIFIED MAIL AS FOLLOWS:**

The Austin Company
c/o The Corporation Company
2000 Interstate Park Avenue
Montgomery, Al 36109

Larry Villia
Vallia & Warren Construction System, Inc. &
Vallia & Warren Construction Systems of Alabama, Inc.
2130 North E Street
Pensacola, Florida 32501

The Mobile Press Register
401 North Water Street
Mobile, Alabama 36602